UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY LEADUM**, | CIVIL ACTION |
| Plaintiff, | No. 06-1376 |
| v. | |
| **SUPERINTENDENT GEORGE PATRICK**, et al., | |
| Defendants. | |

MEMORANDUM

August 10, 2007,

      Proceeding under 28 U.S.C. § 2254, Rodney Leadum (petitioner) has filed a *pro se* Petition for Writ of Habeas Corpus.  I referred this case to United States Magistrate Judge Carol Sandra Moore Wells for a report and recommendation (R & R).  *See* 28 U.S.C. § 636(b)(1)(B); E.D. Pa. Local R. Civ. P. 72.1(I)(b).  Judge Wells's R & R was filed December 12; on December 13 it was entered in the docket and copies were mailed to the parties.

      Magistrate Judge Wells recommends that the petition be dismissed and denied without a hearing, and that, there being no basis for a certificate of appealability, none should issue.  Since Leadum has filed timely objections,[1] I review the objected-to portions

---

[1] Objections must be filed "[w]ithin ten days after being served with a copy" of the R & R.  28 U.S.C. § 636(b)(1); *see also* E.D. Pa. Local R. Civ. P. 72.1(IV)(b).  Calculated

of the R & R de novo. 28 U.S.C. § 636(b)(1). Having reviewed the parties' initial briefs, the R & R, petitioner's objections thereto, and the other materials in the record, including the related opinions of the Pennsylvania state courts, and upon plenary consideration of Leadum's petition, I agree with Magistrate Judge Wells that the petition should be denied and that no basis exists for the issuance of a certificate of appealability. Therefore, after addressing petitioner's objections, I will approve and adopt the R & R.

**Petitioner's Ground One**

Petitioner claims that his right to due process was violated because the Commonwealth's witness Gregory Hunt "committed perjury" at petitioner's trial. The claim of perjury is based on an allegation that Hunt's previous testimony at a federal sentencing hearing contradicted his testimony at petitioner's trial. As the R & R demonstrates, however the record is at best ambiguous and does not necessarily reflect that Hunt's testimony was inconsistent. Therefore, petitioner cannot meet his burden of persuasion and show that the prosecution knowingly used perjured testimony to convict him.

Petitioner also raises objections grounded in his trial counsel's failure to obtain the transcript of the federal sentencing hearing to impeach Hunt, resulting in a violation of his

---

from the date that the R & R was mailed, and extended by Fed. R. Civ. P. 6(a) (excluding weekends and holidays from deadlines of ten days or less) and Fed. R. Civ. P. 6(e) (adding three calendar days when relevant period follows service by mail), objections to the R & R were due January 2, 2007. Petitioner's objections were postmarked December 26, 2006. *Cf. In re Flanagan*, 999 F.2d 753, 758 (3d Cir. 1993) (finding that notice of appeal "is deemed 'filed' when the prisoner turns it over to the prison authorities [for mailing]") (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

rights under the Confrontation Clause.  As the R & R notes in its footnote 4, it appears that this claim was not raised in state court and is therefore unexhausted, and now defaulted.  *See Keller v. Larkins*, 251 F.3d 408, 413, 415–16 (3d Cir. 2001).  Even were this not the case, petitioner could not raise a direct Confrontation Clause claim, since his right to cross-examination was not curtailed or limited *by the court*.  Nor could he establish prejudice from the alleged ineffective assistance of counsel, because the fact that the federal sentencing transcript is ambiguous and hence does not clearly contradict Hunt's testimony at petitioner's trial would have greatly undercut the impeachment value of the transcript.  Therefore, I find petitioner's objections as to ground one defaulted and/or without merit.

**Petitioner's Ground Two**

Petitioner claims that his right to due process was violated because the trial court refused to give a "paid informant" instruction as to the government's two primary witnesses, both of whom testified against Leadum pursuant to plea agreements with the government.  As the R & R notes, this was primarily a question of state law as to the definition of "paid informant," and we are not authorized to review misapplication of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Petitioner objects to the Magistrate Judge's findings, seeming to argue that this court does have (federal) "grounds to review this issue."  Petr.'s Objs. 3.  However, the Magistrate Judge correctly determined that there was no specific federal law requiring relief.  Moreover, although the

federal law of due process generally requires that the trial result be "reliable,"[2] petitioner has not presented a colorable claim that the omitted instruction rendered his trial so unreliable as to be fundamentally unfair and violate due process.  This is particularly true since the trial court *did* instruct the jury to consider, in evaluating the witnesses' testimony, "[w]hether they are testifying in exchange for or in return for favorable treatment from some other government entity."  N.T. 7/19/2001 at 741–42.  I find no merit in petitioner's objection on ground two.

**Petitioner's Ground Three**

Petitioner claims that his counsel was ineffective for failing to object to the trial court's jury instruction stating that the object of the charged conspiracy was the "murder" of Mark Motley.  He contends that this amounted to a constructive amendment of the Bill of Information, which merely alleged a conspiracy "to shoot" Motley.  However, this underlying constructive-amendment claim lacks merit, and trial counsel could not be ineffective for failing to raise an objection lacking merit.  *See Parrish v. Fulcomer*, 150 F.3d 326, 328 (3d Cir. 1998).

First, as to the state-law aspect of the underlying claim, the R & R correctly concludes that we must accept as correct the state courts' resolution that the jury instruction was not a constructive amendment.  *Estelle*, 502 U.S. at 67–68.  Of course, a mismatch between the crime charged and the crime proved can also constitute a violation

---

[2] *See, e.g.*, *Smith v. Phillips*, 455 U.S. 209, 225 (1982) (noting that central role of due process is to effectuate "the criminal trial['s] one well-defined purpose—to provide a fair and reliable determination of guilt").

of federal due process.  *Cf. Virgin Islands v. Moolenaar*, 133 F.3d 246, 248 (3d Cir. 1998) (stating due process requirement that charging paper in a criminal case "'sufficiently apprise[] the defendant of what he must be prepared to meet'") (quoting *Russell v. United States*, 369 U.S. 749, 763 (1962)).[3]  However, in this case, the Bill of Information charging Leadum with conspiring "to shoot" Mark Motley—considered in light of a separate count in the same Information charging Leadum with the *murder* of Mark Motley, as well as an underlying criminal complaint charging Leadum with "MURDER–Conspiracy to commit"—was sufficient to put petitioner on notice that he "must be prepared to meet" a charge of conspiracy to commit murder.  Therefore, the jury instruction on conspiracy to murder was proper, and the state courts' determination that Leadum's trial counsel was not ineffective for failing to object to that instruction was not an unreasonable application of federal law.

**Petitioner's Ground Four**

Petitioner's objections on this ground fail for substantially the same reasons as his objections on ground three: Because petitioner's crime of conviction—conspiracy to commit murder—did not unconstitutionally vary from the charge fairly encompassed by the Bill of Information, his counsel was not ineffective for failing to raise a meritless objection to the trial court's calculation of an "offense gravity score" predicated on

---

[3] *See also United States ex rel. Collins v. Claudy*, 204 F.2d 624, 627 (3rd Cir. 1953) ("No question of guilt in fact [can] override the conception that 'conviction upon a charge not made would be sheer denial of due process.'") (quoting *De Jonge v. Oregon*, 299 U.S. 353, 362 (1937)); *accord Cole v. Arkansas*, 333 U.S. 196 (1948).

conviction for that crime.

**Petitioner's Ground Five**

In objecting to the R & R on this ground, the petitioner merely repeats his claim that "nothing in the record show[s] that petitioner conspired with Hakeem Cooper to shoot and kill the victim." Petr.'s Objs. 7. But, as the R & R cogently explains, the record in fact contained testimony and physical evidence which the jury could have reasonably found to comprise a combination of direct and circumstantial evidence proving petitioner's guilt beyond a reasonable doubt. *Cf. Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after *viewing the evidence in the light most favorable to the prosecution*, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." (emphasis added)).

**Petitioner's Grounds Six and Seven**

As to grounds six and seven, petitioner rests on the reasons provided in his initial memorandum in support of his petition.[4] Those reasons are refuted by the R & R's analysis.

---

[4] Merely repeating the arguments made to the Magistrate Judge is ordinarily not enough to constitute an "objection" triggering de novo review, *see* Local Rule 72.1.IV(b), but our court has been loathe to apply the requirements of Local Rule 72.1.IV(b) too strictly to the filings of *pro se* litigants. *See McCabe v. Pennsylvania*, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (treating *pro se* litigant's letter to court as objection triggering de novo review, "[a]lthough Petitioner did not file formal objections to the Report and Recommendation"); *see also Harper v. Vaughn*, Civ. No. 98-728, 2002 WL 257850, at *2–3 & n.4 (E.D. Pa. Feb. 21, 2002) (applying de novo review to "three stated grounds for objection, as well as [*pro se*] petitioner's catchall objection to the entirety of the Report and Recommendation"). The court has therefore engaged in de novo review.

As to ground six, the R & R explains that most of the challenged remarks in the prosecution's closing argument were in fact proper and that petitioner cannot show prejudice from ambiguous remarks suggesting that the jury could reasonably infer that the co-defendants were motivated to kill Mark Motley because they were "shocked" to find that Motley was dealing drugs in their neighborhood. Because the comments were proper, trial counsel was not ineffective for failing to object. Alternatively, even if the "shocked" remark was somehow improper, petitioner was not prejudiced by trial counsel's failure to object, because petitioner cannot show a "reasonable probability" that the outcome of his trial would have been different if counsel had successfully objected.

As to ground seven, the admission of the handgun found after petitioner's arrest, in the area where he had been found hiding, did not violate state or federal law, and thus, again, trial counsel was not ineffective for failing to raise a meritless objection.

**Conclusion**

For the reasons stated above, in an order accompanying this memorandum, the petitioner's objections are overruled, the R & R is approved and adopted, and the petition for habeas corpus is denied.

BY THE COURT:

/s/ Louis H. Pollak

_____

Pollak, J.